Serial: **231208**

**IN THE SUPREME COURT OF MISSISSIPPI**

**No. 2020-BD-00222-SCT**

*THE MISSISSIPPI BAR*

*v.*

*CHARLENE MAUK-WILLIAMS*

**ORDER OF DISBARMENT**

¶1.     This matter came before the en banc Court on the Formal Complaint filed by the Mississippi Bar against Charlene Mauk-Williams, a member of the Bar who pled guilty to and was convicted of the felony of contributing to the neglect of a minor under Mississippi Code Section 97-5-39(1)(d) (Rev. 2014).

¶2.     Under Rule 6 of the Rules of Discipline for the Mississippi State Bar, conviction of the crime of contributing to the neglect of a minor is cause for summary disbarment. Miss. R. Discipline 6(a), (d). Invoking Rule 6, the Mississippi Bar requests Mauk-Williams's disbarment. The Bar has included a certified copy of the judgment of conviction against Mauk-Williams, which this Court treats as "conclusive evidence" that she committed the disbarrable offense of contributing to the neglect of a minor. Miss. R. Discipline 6(a), (d) (directing that when the time for appeal of the conviction expires, "Complaint Counsel shall certify that result to the Court, and the Court shall forthwith enter an order of disbarment"). Mauk-Williams was personally served with the Bar's summons and complaint, and she has not responded to the complaint.

¶3. IT IS THEREFORE ORDERED as follows:

1. Charlene Mauk-Williams is hereby disbarred from the practice of law in the State of Mississippi, and her name shall be immediately removed from the rolls of the Mississippi Bar;

2. The Clerk of the Supreme Court of Mississippi (the Clerk) shall immediately forward to the attorneys of record for each party herein a copy of this Order of Disbarment and shall send Mauk-Williams's copy by certified mail, return receipt requested;

3. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the Clerks of the United States District Court, Northern and Southern Districts of Mississippi, to the Clerk of the United States Court of Appeals for the Fifth Circuit, and to the Clerk of the Supreme Court of the United States;

4. The Clerk shall immediately forward an attested copy of this Order of Disbarment to the judges of the circuit, chancery, and county courts of the districts where Mauk-Williams resided and practiced law, with instructions to include a copy of this judgment upon the minutes of their respective courts;

5. The Clerk shall forward an attested copy of this Order of Disbarment to the Executive Director of the Mississippi Bar;

6. Mauk-Williams is assessed all costs of this disciplinary proceeding. *See* Miss. R. Discipline 25;

7. Mauk-Williams is hereby enjoined from practicing law in Mississippi; from holding herself out as an attorney at law; from performing any legal service for others; from accepting any fee directly or indirectly for legal services to be performed for others; from appearing as counsel or in any representative capacity in any proceeding in any court of the State of Mississippi, or before any administrative body or agency thereof; from holding herself out to others as or using her name in any manner in conjunction with the phrases "attorney at law," "attorney," "counselor at law," "counselor," or "lawyer," for the period of her disbarment until such time as she is reinstated to the practice of law in this State by the Supreme Court of Mississippi;

8. Within ten days of receipt of this Order of Disbarment, Mauk-Williams shall

2

notify in writing each of her Mississippi clients of her disbarment and of her consequent inability to act as an attorney and shall advise each such client to promptly substitute another attorney or attorneys in her place or to seek legal advice elsewhere;

9. Mauk-Williams shall return all files, papers, monies, and other properties belonging to her Mississippi clients in her possession, if any such clients request same after receiving notification from her. Within thirty days of receipt of this Order of Disbarment, Mauk-Williams shall file with this Court an Affidavit stating that all current Mississippi clients have been notified of her disbarment and that all files, papers, monies, and other property belonging to such clients have been returned as ordered herein and showing, in the cases in which it was not possible to notify such clients or return their property, that due diligence was used to do so;

10. Within ten days of receipt of this Order of Disbarment, Mauk-Williams shall notify every attorney and adverse party in any legal proceeding in which she is involved and all affected courts and agencies of her disbarment and consequent inability to act as an attorney. Within thirty days of receipt of this Order of Disbarment, Mauk-Williams shall file with this Court an Affidavit stating that all attorneys or adverse parties in any such proceeding in which she is involved and all affected courts and agencies have been notified of her disbarment and consequent inability to act as an attorney.

SO ORDERED, this the 4th day of August, 2020.


/s/ T. Kenneth Griffis, Jr.
T. KENNETH GRIFFIS, JR., JUSTICE
FOR THE COURT

3